IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-678-BO-KS

J.H., by and through his parent and guardian, )
Tessiah Smithen, )
    Plaintiff, )
)
v. )    O R D E R
)
WAKE COUNTY BOARD OF )
EDUCATION, *et al.*, )
    Defendants. )

This cause comes before the Court on defendants' motions to dismiss crossclaims by defendant James Rencher. [DE 35]; [DE 37]; [DE 41]; [DE 52]. Despite having received notice of his right to respond, Rencher has failed to respond within the time provided. [DE 60]. In this posture, the motions to dismiss are ripe for disposition. For the reasons that follow, the motions to dismiss the crossclaims are granted.

BACKGROUND

Plaintiff initiated this action by filing a complaint on November 27, 2024. [DE 1]. The claims in plaintiff's complaint arise out of the alleged abuse suffered by plaintiff while a student and at the hands of defendant Rencher, then a teacher with the Wake County Public School System. Plaintiff has named as defendants the Wake County Board of Education; Dr. Robert Taylor, Superintendent of the Wake County Public School System (WCPSS); Catty Moore, former Superintendent of the WCPSS; Perry Aaron, Senior Administrator – Employee Relations at WCPSS; Stacy Alston, Principal of East Wake High School; Katonia Ford, Assistant Principal of East Wake High School; Ebony Freeman, Special Education Department Co-Chair at East Wake

High School; Mark Savage, Eastern Wake Area Superintendent; Peter Vierno, Transition Coordinator with WCPSS; and James Rencher, II, former teacher at East Wake High School.

In his answer to the complaint, [DE 27], Rencher, proceeding *pro se*, has alleged counterclaims for defamation, intentional infliction of emotional distress, negligence, abuse of process or malicious prosecution, and harassment or bullying. While most of these appear directed to plaintiff, some claims appear to contain crossclaims against the other defendants. The other defendants have each moved to dismiss the crossclaims for failure to state a claim upon which relief can be granted.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (alteration and citation omitted).

"A defendant may also move to dismiss a co-defendant's crossclaim brought against it pursuant to Rule 12(b)(6), and a crossclaim so challenged is also reviewed for *Twombly* plausibility." *Markel Am. Ins. Co. v. XDS, LLC*, No. 7:20-CV-00075-M, 2020 WL 4938435, at *3 (E.D.N.C. Aug. 24, 2020). A *pro se* party's claims are entitled to liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted). However, a court is

2

not required to "'discern the unexpressed intent'" of a *pro se* party. *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n. 3 (4th Cir. 2006) (en banc)).

Rencher's crossclaims are conclusory and devoid of any factual support. For example, Rencher claims that the school administration's failings contributed to the situation and that adequate steps were not taken to address the situation. But Rencher does not allege any facts in support of these statements, such as what the "situation" entailed or what the school administration's failings were. Accordingly, to the extent Rencher has alleged crossclaims, the crossclaims are properly dismissed for failure to state a claim.

Rencher also seeks an extension of time to secure legal counsel. [DE 7]. To the extent that Rencher seeks additional time to engage counsel, the motion is denied as moot as counsel may appear on behalf of a party at any time. To the extent that Rencher seeks an extension of time to answer in order to secure counsel to file an answer on his behalf, the motion is also denied as moot as Rencher has answered the complaint.

## CONCLUSION

For the foregoing reasons, the motions to dismiss defendant Rencher's crossclaims, [DE 35]; [DE 37]; [DE 41]; [DE 52], are GRANTED. Rencher's crossclaims are hereby DISMISSED. Rencher's motion for an extension of time to secure legal counsel [DE 7] is DENIED without prejudice as MOOT.

SO ORDERED, this 10 day of June 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE