IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-678-BO-KS

J.H., by and through his parent and guardian,)
Tessiah Smithen, and TESSIAH SMITHEN )
in her individual capacity, )
                Plaintiffs, )
 )
    v. )              O R D E R
 )
WAKE COUNTY BOARD OF )
EDUCATION, *et al.*, )
               Defendants. )

This cause comes before the Court on three motions to dismiss plaintiffs' amended complaint filed by defendants Wake County Board of Education, Taylor, Moore, Savage, Vierno, Ford, Freeman, and Alston. [DE 84]; [DE 86]; [DE 88]. Plaintiff has failed to respond to the motions to dismiss, and the time for doing so has expired. In this posture, the motions are ripe for disposition.

Plaintiff J.H. initiated this action by filing a complaint alleging claims arising from abuse by his classroom teacher. *See* [DE 1]. Following a hearing, the Court denied various motions to dismiss without prejudice and permitted plaintiff leave to amend the complaint. [DE 75]. In their amended complaint, plaintiffs, J.H. and his mother, allege claims for violations of Section 504 of the Rehabilitation Act, 29 U.S.C. §§ 794, *et seq.*, the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*, the Fourteenth Amendment under 42 U.S.C. § 1983, and the North Carolina Constitution as well as claims for negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, assault/battery, and gross negligence.

The moving defendants have moved to dismiss plaintiffs' operative, amended complaint. The Wake County Board of Education, Taylor, Moore, Savage, and Vierno seek to dismiss all claims against them for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. [DE 84]; [DE 85]; Fed. R. Civ. P. 12(b)(1); *id.* Rule 12(b)(6). Defendants Ford and Freeman have also moved to dismiss all claims against them for lack of subject matter jurisdiction and failure to state a claim. [DE 86]; [DE 87]. And defendant Alston has also moved to dismiss all claims against him for lack of subject matter jurisdiction and failure to state a claim. [DE 88]; [DE 89].

The Court has considered the amended complaint in light of the applicable standards. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Guzman v. Acuarius Night Club LLC*, 167 F.4th 217, 221 (4th Cir. 2026); *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009); *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). For those reasons argued by the moving defendants in their motions and memoranda in support, [DE 84] – [DE 89], plaintiffs' claims against defendants Wake County Board of Education, Taylor, Moore, Savage, Vierno, Ford, Freeman, and Alston are dismissed. Because the Court concludes that plaintiffs have failed to allege plausible claims for relief against the moving defendants, the claims against the moving defendants are dismissed with prejudice.

In their amended complaint, plaintiffs appear to have added a new defendant, Tanya Byrd-Robinson. [DE 78] ¶ 16.[1] Plaintiffs did not, however, file summons to be issued for defendant Byrd-Robinson. Plaintiffs shall, within fourteen days of the date of entry of this order, show cause why defendant Byrd-Robinson should not be dismissed pursuant to Fed. R. Civ. P. 4(m). Within

---

[1] The Clerk is DIRECTED to correct the docket to reflect the addition of a plaintiff and a defendant to this action as of the date of the filing of the amended complaint.

2

the same time-period, plaintiffs shall notify the Court how they intend to proceed with their remaining claims against defendant James Rencher.

CONCLUSION

Accordingly, the pending motions to dismiss [DE 84]; [DE 86]; [DE 88] are GRANTED for the reasons laid out therein. All claims against defendants Wake County Board of Education, Taylor, Moore, Savage, Vierno, Ford, Freeman, and Alston are DISMISSED with prejudice.

Plaintiffs shall, within fourteen (14) days of the date of entry of this order, show cause why defendant Byrd-Robinson should not be dismissed pursuant to Fed. R. Civ. P. 4(m) and further notify the Court how they intend to proceed with their remaining claims against defendant James Rencher. Failure to comply with this order may result in dismissal of the remaining claims without prejudice.

The Clerk is DIRECTED to correct the docket to reflect the addition of a plaintiff and a defendant to this action as of the date of the filing of the amended complaint.

SO ORDERED, this **13** day of May 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3